### No. 9462.

The State ex rel. J. Cittarotto vs. Judge of Civil District Court for the Parish of Orleans.

An order of the Civil District Court dismissing an appeal from the city court on the ground that the record of appeal was filed *unstamped*, is invalid in the absence of any law requiring such records to be stamped before filing.

The stamp act of 1880 does not apply to appeals in such cases, which had then no legal existence.

The right to appeal from judgments of city courts in certain cases was conferred by the amendments of Articles 130 and 135 of the Constitution adopted in 1884.

The Act of 1880 did not propose to repeal the anterior legislation regulating costs in cases of appeal from justices of the peace, which is not on the same subject matter.

Costs incurred in appeal cases from the city courts are limitable to *five* dollars, by rule of court, and recoverable in stamps.

APPLICATION for Certiorari.

*Chas. Louque* for the Relator.

*F. A. Monroe*, Judge Respondent, *in propria persona*.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *certiorari*. Its object is to test the validity of an order dismissing the appeal taken by the relator from the judgment of a city court to the Civil District Court, on the ground that the filing of the record of appeal, though seasonable, was made in violation of a prohibitory law, which requires, as a condition precedent for the filing, the affixing of a stamp to the record of appeal.

The district judge in his return refers to sec. 2 of Act No. 136, p. 187, of 1880, in justification of his action.

That section declares that: "no clerk shall file or permit to be filed any paper or document, or issue any process, copy, certificate or other proceeding, unless the *requisite* stamp has been affixed thereto."

That law does not and could not provide, at the time it was passed, for the stamping of the record in appeal cases from the city courts, for the obvious reason that the judgments of such courts were not then receivable on appeal, but became final in the court by which rendered.

It is only since the adoption of the amendments of Articles 130 and 135 of the Constitution, that causes determined by those courts have become appealabe to the Civil District Court for the parish of Orleans.

It therefore follows that, as the law relied on did not provide for the stamping of records of appeal from city courts, the appellant was not required to affix any stamp thereto previous to the filing thereof, as a condition precedent therefor.

We have been referred to no law passed since the adoption of the constitutional amendments for the stamping of such records.

The law of 1880 did not repeal all laws on the subject of costs in all judicial proceedings. It contemplated to recall only such as had been framed on the same subject-matter, or were in conflict with its own provisions.

As that law did not provide for costs, or fees, or stamps, in cases of appeals to the district court, the anterior legislation relative to such

costs, in cases of appeals from justices of the peace, could not be and was not, on the same subject-matter or in conflict with it.

Considering therefore that the record of appeal was duly and seasonably filed, we conclude that the order of dismissal complained of is invalid and that the relator is entitled to the relief sought.

It is, therefore, ordered and decreed that the said order of dismissal of appeal made by the Civil District Court of the Parish of Orleans, in the division presided over by the respondent judge, be avoided and annulled, and that the district judge be and he is hereby directed to try the cause in which the same was made as though it was never made, and to dispose of it in conformity with the provisions of the law.

Rehearing refused.

---

### ON APPLICATION FOR REHEARING.

While we said that the anterior legislation touching appeals from justices of the peace had not been recalled, we did not announce that the costs in such cases could be paid in *money* to the clerk, for this the Constitution forbids.

It may be that by virtue of the power delegated by the Constitution to make rules not in conflict with law, the district court had authority to prescribe that in case of appeals from city courts (which are assimilated to justice courts, which they have replaced) there should be affixed to the record of appeal a stamp of *five* dollars, before the filing of the same; but nothing shows that the rule on the subject made it a condition precedent, under pain of *dismissal of the appeal*.

In the present instance the relator has averred a state of facts to show his inability to have procured the stamp previous to the filing, which appear to justify the omission. The relator affixed the stamp the day after to the record, which had been filed by the clerk within the legal delay.

The suggestions of the district judge are valuable, conservative and well appreciated.

The rule of his court, to which he refers as requiring the stamp of five dollars to cover all costs in cases of appeals from city courts, is one which, under the exceptional features of the case, may legitimately be forced in the absence of any adverse legislation, subsequent to the stamp act of 1880.

This explanation of our previous opinion can well be given without granting a rehearing.

Rehearing refused.